IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JAMES ANTHONY MCNALLY**                                                          **PLAINTIFF**

V.                                      CIVIL ACTION NO. 3:17-cv-00847-CWR-JCG

**DIRECTOR B.O.P. MARK INCH**
**REGIONAL DIRECTOR J.A. KELLER, B.O.P.**
**WARDEN C. NASH Yazoo Med. F.C.C., B.O.P.**
**DR. UNKNOWN NATAL Physician, Yazoo F.C.C., B.O.P.**
**DR. WILLIAM PORTER Contract Surgeon for B.O.P.**                **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is Defendant William Porter, M.D.'s Motion to Dismiss Second Amended Complaint and for Summary Judgment [71]. *Pro se* Plaintiff James Anthony McNally, a postconviction inmate in the custody of the Federal Bureau of Prisons (BOP), has filed a Response [75], and Dr. Porter has filed a Reply [76]. Also before the Court is Defendant United States of America's Motion to Dismiss [73]. McNally has filed a Response [77], and the United States has filed a Reply [79]. Having considered the submissions of the parties, the undersigned recommends that the medical malpractice claim against Dr. Porter be dismissed without prejudice due to lack of pre-suit notice. The FTCA claim against the United States should be dismissed without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

A. <u>Factual Background</u>

McNally was a federal prisoner housed at Federal Correctional Complex in Yazoo, Mississippi (FCC Yazoo) from late 2014 through at least 2016. He re-injured

his shoulder while incarcerated at FCC Yazoo. The prison's Health Services Department arranged for a surgical consultation through Seven Corners, Inc. (Seven Corners), an entity that contracts with BOP to find and schedule medical specialists to treat FCC Yazoo inmates. [73-1, at 3].

Seven Corners arranged for McNally to be seen by Dr. Porter, a licensed physician and orthopedic surgeon. In January 2016, Dr. Porter examined McNally. According to his Affidavit, Dr. Porter diagnosed McNally with "large spurs on acromion with impingement secondary to the spur. I recommend mini-open decompression surgery and possible repair of the patient's rotator cuff." [41-1, at 2]. After BOP approved the surgery, Dr. Porter performed surgery on July 29, 2016. Surgery was performed at River Regional Medical Center in Vicksburg, Mississippi. [73-1, at 3].

During surgery, Dr. Porter "visualized the rotator cuff and determined that Mr. McNally had a pre-existing rotator cuff tear of such severity that there was nothing surgically that could be done to repair it." [41-1, at 2]. Dr. Porter saw McNally for post-surgical follow-up on August 10, 2016. *Id.* Dr. Porter has not treated McNally since August 10, 2016. *Id.*

B. Procedural Background

McNally filed his original [1] and amended Complaint [9] against numerous individual defendants. In response, BOP Director Mark Inch; J.A. Keller, Regional Director for BOP Southeast Region; Cheron Y. Nash, Warden at FCC Yazoo; Dr. Anthony Chambers, Clinical Director for the Health Services Department at FCC

Yazoo; and Dr. Norma Natal, a physician at FCC Yazoo, filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [30].

The Court granted the Motion in part and denied it in part. [57]. The Eighth Amendment claims against Director Inch and Regional Director Keller were dismissed without prejudice for lack of personal jurisdiction. The Eighth Amendment claims against Dr. Chambers, Warden Nash, and Dr. Natal were dismissed with prejudice. McNally provided a letter from BOP's Legal Center indicating that he had filed an administrative claim with BOP, which BOP had considered under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672 *et seq.* [40-1]. Recognizing that pro se complaints are to be liberally construed, McNally was granted leave to amend his Complaint to advance a claim against the United States under the FTCA.

Dr. Porter filed a Motion to Dismiss or in the Alternative for Summary Judgment [41]. The Motion was granted in part and denied in part. [80]. The *Bivens* claim against Dr. Porter was dismissed with prejudice because Dr. Porter is not a federal officer acting under color of federal authority.[1] Recognizing that pro se complaints are to be liberally construed, the Court construed McNally's claim against Dr. Porter as a state law claim for medical malpractice over which the federal court should exercise supplemental jurisdiction under 28 U.C.C. § 1367(a). *Id.* Dr. Porter filed a motion to reconsider, which was denied because Dr. Porter advanced new arguments that were not made in his original motion. [68].

---

[1] *See Bivens v. Six Unknown Fed. Agents,* 403 U.S. 388, 395–97 (1971).

McNally filed a pleading entitled "FTCA Claim against the United States for Medical Negligence, Been Denied Proper Medical Treatment, Deliberate Indifference" [61], which shall be referred to as the "Second Amended Complaint." In response, Dr. Porter filed a Motion to Dismiss Second Amended Complaint and for Summary Judgment [71]. Dr. Porter argues that the medical malpractice claim against him must be dismissed on summary judgment because (1) McNally failed to provide pre-suit notice as required by Mississippi statutory law, Miss. Code Ann § 15-1-36(15), (2) the two-year statute of limitations for medical malpractice claims expired without pre-suit notice; and (3) McNally failed to present expert medical testimony in support of his claim.

In response to the Second Amended Complaint, the United States filed a Motion to Dismiss [73] under Federal Rule of Civil Procedure 12(b)(1), asserting that the FTCA claim against the United States must be dismissed on grounds of sovereign immunity because Dr. Porter is not a federal government employee. Alternatively, the United States argues that the FTCA claim is time-barred because McNally filed his claim against the United States more than six months after BOP denied his administrative claim.

## DISCUSSION

A. <u>The Medical Malpractice Claim Against Dr. Porter Should Be Dismissed Without Prejudice Due to Lack of Pre-suit Notice</u>

In his Motion to Dismiss Second Amended Complaint and for Summary Judgment [71], Dr. Porter seeks summary judgment, urging that the medical malpractice claim against him must be dismissed due to McNally's failure to comply

4

with Mississippi statutory law. Mississippi Code Annotated Section 15-1-36(15) requires that a prospective plaintiff must provide at least a sixty-day pre-suit notice to a defendant health care provider where the complaint alleges a cause of action sounding in malpractice. Miss. Code Ann. § 15-1-36(15). In *Pitalo v. GPCH-GP, Inc.*, 933 So.2d 927 (Miss. 2006), the Mississippi Supreme Court held that the sixty-day pre-suit notice is a mandatory prerequisite to filing a medical malpractice lawsuit.

"Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). The Court must view the evidence in the light most favorable to the non-moving party. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1066 (5th Cir. 1994). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Id.* at 1075 (emphasis omitted).

Section 15-1-63(1)'s requirement of giving pre-suit notice to health care providers is substantive, rather than procedural and, therefore, is applicable in this action in federal court. *See Redmond v. Astrazeneca Pharmaceuticals LP*, 492 F. Supp. 2d 575 (S.D. Miss. 2007); *Estate of Brown v. Mariner Health Care, Inc.*, 2006

5

WL 1579702 (N.D. Miss. May 31, 2006); *Arrington ex rel. Arrington v. Mariner Health Care, Inc.*, 2005 WL 1529985, *2 (N.D. Miss. 2005). Strict compliance with Section 15-1-36(15)'s pre-suit notice requirement is required. *Fowler v. White*, 85 So.3d 287, 291 (Miss. 2012). The failure to satisfy the pre-suit notice requirement mandates dismissal without prejudice. *See Fowler,* 85 So. 3d at 291; *Hooper v. Jurich*, No. 1:13CV102-LG-JMR, 2014 WL 347272, at *1 (S.D. Miss. Jan. 30, 2014); *Herrington v. Promise Specialty Hosp.*, 665 F.Supp.2d 708, 710 (S.D. Miss. 2009); *Arceo v. Tolliver*, 949 So. 2d 691 (Miss. 2006). Staying or abating the action, rather than dismissal outright, is inappropriate. *Redmond,* 492 F. Supp. 2d at 578.

McNally filed this action on October 24, 2017. Dr. Porter avers by affidavit [71-8] that he did not receive pre-suit notice. Dr. Porter declares that his first notice of McNally's claims was when he was served with the initial Complaint. *Id.* McNally does not deny that he failed to provide Dr. Porter with pre-suit notice. McNally instead attempted to cure his failure by mailing a letter purporting to be a notice of claim in July 2019, over a year and a half after he filed his initial Complaint. [71-9; 75, at 5]. Because it is undisputed that McNally did not provide Dr. Porter with pre-suit notice, the medical malpractice claim against Dr. Porter must be dismissed without prejudice due to McNally's noncompliance with Miss. Code Ann. § 15-1-36(15). *See Hinton v. Moore*, No. 5:16-CV-33-DCB-MTP, 2017 WL 570718, at *3 (S.D. Miss. Feb. 13, 2017).

Dr. Porter argues that the medical malpractice claim should be dismissed with prejudice because the two-year statute of limitations passed without

6

compliance with Miss. Code Ann. § 15-1-36(15)'s notice requirement and because McNally has not designated a medical expert. Failing to comply with the pre-suit notice requirement, however, means that the medical malpractice claim was "not lawfully filed" and was of "no legal effect." *Herrington,* 665 F. Supp. 2d at 710. "Dismissal for failure to provide notice is comparable to dismissal for lack of jurisdiction." *Id.* For this reason, the Court should dismiss the medical malpractice claim without prejudice without resolving the statute of limitations defense or merits arguments. Furthermore, no deadlines for designation of experts have been set.

In sum, Dr. Porter's Motion to Dismiss Second Amended Complaint and for Summary Judgment [71] should be granted in part and denied in part. The Motion should be granted to the extent that the medical malpractice claim against Dr. Porter must be dismissed without prejudice due to lack of pre-suit notice. The Motion should be denied in all other respects. The *Bivens* claim against Dr. Porter was previously dismissed with prejudice [57]. No other claims remain against Dr. Porter, and he should be dismissed as a defendant.

B. <u>The FTCA Claim Against the United States Must Be Dismissed Without Prejudice for Lack of Subject Matter Jurisdiction</u>

The United States moves the Court to dismiss the FTCA claim against it under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, asserting that the claim is barred by sovereign immunity. *See Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998). "The party asserting jurisdiction has the burden of proof." *United States v. Renda Marine, Inc.*, 667 F.3d 651, 654

7

(5th Cir. 2012). Dismissal under Fed. R. Civ. P. 12(b)(1) is only appropriate where it "appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

When considering a motion to dismiss for lack of jurisdiction, courts may consider evidence outside of the complaint and dismiss on the bases of: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). Where subject matter jurisdiction is being challenged, the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. No presumptive truthfulness attaches to the plaintiff's allegations. *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004).

The doctrine of sovereign immunity bars suits against the United States unless there has been an express, clear and unequivocal waiver by the United States of its sovereign immunity. *Block v. N. Dakota, ex rel. Bd. of Univ. & School Lands*, 461 U.S. 273, 287 (1983); *Boehms v. Crowell*, 139 F.3d 452, 462 (5th Cir.1998). The terms of such consent establish the court's jurisdiction to entertain suit against the United States. *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981); *Linkous,* 142 F.3d at 275. Courts must strictly construe all waivers of the federal government's sovereign immunity and resolve all ambiguities in favor of the sovereign. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992).

8

Under the FTCA, the government has waived sovereign immunity and can be sued for acts committed by "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). "This consent to be sued, though, does not extend to the acts of independent contractors." *Broussard v. United States*, 989 F.2d 171, 174 (5th Cir.1993). Whether an individual is a federal employee or independent contractor under the FTCA is a question of law. *Linkous,* 142 F.3d at 275.

While courts utilize numerous factors when determining independent contractor status, "[t]he critical factor in determining whether an individual is an employee of the government or an independent contractor is the power of the federal government to control the detailed physical performance of the individual." *Id.*; *see also Creel v. United States*, 598 F.3d 210, 214 (5th Cir. 2010) (enumerating the independent contractor factors).

Due to the autonomy exercised by physicians and the contract nature of their work, the Fifth Circuit has consistently held that doctors contracted to work in federal medical facilities are independent contractors. *Peacock v. United States*, 597 F.3d 654, 659-60 (5th Cir. 2010) (VA contract cardiologist); *Linkous*, 142 F.3d at 276-77 (obstetrician contracted by an Army hospital); *Broussard*, 989 F.2d at 175-76 (emergency room doctor employed by a third party and contracted to work at an Army hospital). Sister Circuits have likewise held that, "[t]he circuit courts are unanimous in holding that a contract physician is not an employee of the government under the FTCA." *Carrillo v. United States*, 5 F.3d 1302, 1304 (9th Cir.

9

1993); *see Robb v. United States*, 80 F.3d 884, 890 (4th Cir. 1996).

Dr. Porter is not a BOP employee [71-2, 73-1]. He has no contractual relationship with BOP [71-2]. He is not paid by BOP. [73-1, at 3]. He is employed by a privately-owned company. *Id.* Dr. Porter contracts with an intermediary, Seven Corners, which in turn contracts with BOP. *Id.* Seven Corners contracted with Dr. Porter to perform the consultation. Dr. Porter was paid by Seven Corners [71-2, 73-1]. BOP had no control over the detailed physical performance of Dr. Porter during the consultation, surgery, or post-operative care. [73-1, at 3-4]. Dr. Porter performed and read the radiology tests and drafted and maintained his own treatment notes [73-1, at 3]. Dr. Porter communicated his treatment recommendations to FCC Yazoo's Health Services Department, who pre-certified the treatment plan. *Id.* at 3-4. The prison did not provide the tools and instrumentalities for the medical work performed by Dr. Porter. Dr. Porter performed the surgery at a private hospital. *Id.* Considering these undisputed facts, the undersigned concludes that Dr. Porter was not an employee of the federal government for purpose of the FTCA.

Because the United States has waived its sovereign immunity under the FTCA only as to acts of employees of the federal government, it is proper to dismiss the FTCA claim against the United States. The FTCA claim against the United States is barred by sovereign immunity and should be dismissed without prejudice for lack of subject matter jurisdiction under Rule 12(b)(1). *See, e.g., Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) (explaining that "[b]ecause sovereign immunity deprives the court of jurisdiction, the claims barred by

10

sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice"). The Court need not reach the United States' alternative argument.[2]

## RECOMMENDATION

For the reasons stated above, Dr. Porter's Motion to Dismiss Second Amended Complaint and for Summary Judgment [71] should be granted in part and denied in part. The Motion should be granted to the extent that the medical malpractice claim against Dr. Porter must be dismissed without prejudice due to lack of pre-suit notice. Dr. Porter's Motion should be denied in all other respects. The United States' Motion to Dismiss [73] under Federal Rule of Civil Procedure 12(b)(1) should be granted. The FTCA claim against the United States should be dismissed without prejudice for lack of subject matter jurisdiction. Having resolved all claims in this lawsuit, a final judgment should be entered.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, after service of a copy of this Report and Recommendation, each party has fourteen (14) days to serve and file with the Clerk of Court any written objections to it. Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must

---

[2] The United States' Memorandum provides: "Because the government has not waived sovereign immunity . . ., the Court does not need to reach this alternative argument or rely on the attachments related to this argument." (ECF No. 74, at 14 n.6).

specifically identify the findings, conclusions, and recommendations to which he objects; the District Judge need consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions within fourteen (14) days of being served a copy is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

  **SIGNED**, this the 28th day of January, 2020.

            *s/ John C. Gargiulo*
            JOHN C. GARGIULO
            UNITED STATES MAGISTRATE JUDGE